## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

CLINTON E. KIRBY AND MARTHA B. KIRBY                    PLAINTIFFS

VERSUS                          CIVIL ACTION NO: 2:09cv182-DCB-JMR

BANK OF AMERICA, AS SUCCESSOR
IN INTEREST TO COUNTRYWIDE BANK, FSB;
BAC HOME LOAN SERVICING, L.P., f/k/a
COUNTRYWIDE HOME LOANS SERVICING LP;
AND RECONTRUST COMPANY, NA                              DEFENDANTS

### OPINION AND ORDER

This matter comes before the Court on plaintiffs' Motion to Remand [**docket entry no. 3**] and defendants' Motion for Leave to File Amended Notice of Removal [**docket entry no. 6**]. Having carefully considered the Motions, the defendants' and plaintiffs' Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

The instant case was commenced by Clinton E. Kirby and Martha B. Kirby ("plaintiffs") on August 5, 2009, in the County Court of Forrest County, Mississippi. The defendants are Bank of America, N.A., as successor in interest to Countrywide Bank, F.S.B. ("BOA"); BAC Home Loan Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. ("BAC"); and Recontrust Company, N.A. ("Recontrust") (all, collectively, known as the "defendants").

In July 2006, the plaintiffs purchased a home at 3100 Prince George Road, Hattiesburg, Mississippi. In July 2007, they

refinanced their mortgage to achieve a lower interest rate.  The plaintiffs allege that the new loan was refinanced through Countrywide F.S.B., and they specifically told the defendants that they intended to avoid payment of private mortgage insurance and escrow payments in the new monthly installment plan.  The plaintiffs allege that they received assurances, verbally and in writing, from the defendants that their new monthly installment payments after refinancing would be $1,489.91 as opposed to the previous monthly payments of $1,550.00.

However, the plaintiffs allege that on August 21, 2007, at the loan closing they were informed that substantive changes had been made to the terms of the new loan which included a payment of private mortgage insurance, an escrow account payment, and a payment of a yield spread premium, all totaling a 20% increase in the monthly note from $1,489.91 to $1,783.48.  The plaintiffs assert that they were told that these changes could be removed by providing the lender with proper documentation.  They also assert that they had no choice but to agree to the new terms because they had already expended $2,000.00 in appraisal fees, attorney's fees, and broker fees.

Following the loan closing, the plaintiffs allege that the defendants ignored the proper documentation provided by the plaintiffs, and through the defendants' intentional or negligent conduct, the defendants miscalculated the escrow payments and

2

raised the monthly installment by $324.00, yielding $2,109.00 as the new monthly payment. The plaintiffs allege that upon their first payment of $1,783.48, they were informed that any future payments must total $2,109.00 or the payments would be returned as insufficient. Thereafter, the plaintiffs allege that they made one payment of $2,109.00, but were unsuccessful in attempting to negotiate a reduction with the defendants. On August 1, 2009, the plaintiffs allege that they were informed of a foreclosure sale on the property scheduled for August 20, 2009. According to the notice, BAC is the current beneficiary of the Deed of Trust and Recontrust is entitled to foreclose on the property as the trustee.

In the Complaint, the plaintiffs seek (1) a declaratory judgment from the court that the Note and Deed of Trust are invalid and unenforceable; (2) an accounting from the defendants of all credits and debits to the plaintiffs account and documentation supporting the accounting; and (3) injunctive relief stopping the foreclosure sale.[1]

On September 3, 2009, the defendants removed this case to the Federal District Court for the Southern District of Mississippi [docket entry no. 1]. The defendants allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332,

---

[1] The County Court of Forrest County granted a temporary restraining order halting the foreclosure sale on August 12, 2009. Also, after the case was removed to the federal district court and the instant Motion to Remand was filed, the Court entered an Order staying the case until the instant matter is decided.

1441, and 1446. Specifically, they allege that all plaintiffs and defendants are diverse. They allege that the amount in controversy exceeds $75,000 because the plaintiffs are attempting to have the Deed of Trust and Note rescinded which has a balance of $224,844.77. Lastly, they allege that the right of a mortgagor to terminate private mortgage insurance is a right created and guaranteed by 12 U.S.C. § 4902(a), the Homeowners Protection Act of 1998 ("HPA"). As a result, the defendants assert that the plaintiffs' complaint implicates federal law.

On September 18, 2009, the plaintiffs filed the instant Motion to Remand. The plaintiffs argue that the defendants' Notice of Removal is procedurally defective because it does not affirmatively state the citizenship of all defendants. They also argue that the amount in controversy does not exceed $75,000 because they are not seeking damages and the defendants are servicers of the loan Note and not entitled to actual payment. In addition, they argue that there is no federal question because they have not claimed damages concerning the private mortgage insurance nor have they contested the defendants' right to impose private mortgage insurance. Rather, the plaintiffs argue that they only seek to hold the defendants liable for their failure to notify plaintiffs of the private mortgage insurance prior to closing. Lastly, the plaintiffs argue that the defendants' Response to the Motion to Remand was not timely filed and, therefore, their Motion to Remand

4

should be granted as unopposed.

In Response [docket entry no. 8], the defendants argue that the plaintiffs admitted complete diversity in the Complaint. However, in the alternative, the defendants seek Motion for Leave to File an Amended Notice of Removal [docket entry no. 6] if the Court finds that the original Notice of Removal is defective. They allege that the amount in controversy exceeds $75,000 because the plaintiffs are seeking rescission and cancellation of the Deed of Trust and Note which has a principal balance of $224,844.77. The defendants argue that the pecuniary consequence to the parties involved exceeds $75,000, exclusive of interest and costs. They also assert that this Court has subject matter jurisdiction because the plaintiffs' complaint alleges a claim seeking termination of private mortgage insurance pursuant to the HPA.

Pursuant to Rule 16.1(B)(2)(b), the Magistrate Judge issued an Order on November 12, 2009, staying the case in light of the pending Motion to Remand. The Motion to Remand and Motion for Leave to File Amended Notice of Removal are now before this Court.

## II. Analysis

*1. Complete Diversity*

The plaintiffs allege that the defendants' Notice of Removal is procedurally defective because it fails to affirmatively assert the citizenship of each party. They argue that the law requires the removing party to make "an affirmative allegation of the

citizenship of each party." Memo. in Support of Mot. to Remand, p. 1. The defendants argue that the Notice of Removal is not deficient because it reasserts the admission in the Complaint that all defendants are foreign corporations. However, in the alternative, the defendants seek leave to amend the Notice of Removal if the Court finds that it is procedurally defective.

The Notice of Removal states:

> The Plaintiffs alleged in their Complaint filed in the State Court Action that they are adult residents of Forrest County, Mississippi. . . . The Plaintiffs also alleged in their Complaint that the Defendants are all foreign corporations. . . . Thus, there is complete diversity of citizenship among the parties.

Notice of Removal, ¶¶ 3-4. The Complaint states that each defendant "is a foreign corporation which is not licensed to do business in the State of Mississippi," and it also provides the foreign state and address where each defendant is to be served with process. Complaint, ¶¶ 2-4. The Complaint also alleges that the plaintiffs are residents of Forrest County. Id. at ¶ 1.

A defendant may freely amend his notice of removal within the thirty (30) day period provided by 28 U.S.C. § 1446(b) for removal. Wright v. Combined Ins. Co. of America, 959 F.Supp. 356, 359 (N.D. Miss. 1997). However, "[i]f a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal which were unartfully stated in the original notice." Id. New jurisdictional grounds for removal may not be alleged in an amendment after the thirty (30) day period

6

has passed.  Id.  Amendments to a notice of removal after the thirty (30) day period can be made pursuant to 28 U.S.C. § 1653, which states "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  In Firemen's Ins. Co. of Newark, New Jersey v. Robbins Coal Co., 288 F.2d 349, 350 (5th Cir. 1961), the Fifth Circuit held that "although [the allegation of diversity of citizenship is] conclusionary in nature and possibly not sufficient if not amended, [it] is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment."  See also Coleman v. Conseco, Inc., 238 F. Supp. 2d 804, 820 (S.D. Miss. 2002)(allowing amendment to Notice of Removal in order for defendant corporation to provide state of incorporation and principal place of business); Park v. Hopkins, 179 F.Supp. 671, 672 (D.C. Ind. 1960)(stating "denial of right to amend to show that proper jurisdictional facts do exist seems overly harsh" and allowing amendment to show place of incorporation and principal place of business).

In the case at bar, the plaintiffs do not deny that the parties are completely diverse.  In fact, the plaintiffs stated in their complaint that all defendants are foreign corporations and also provided the foreign defendants' addresses for service of process.  The plaintiffs only argue that the Notice of Removal is procedurally defective for not affirmatively stating the citizenship of all parties.  While the Court does agree that the

Notice of Removal is defective for failing to allege the defendants' states of incorporation and principal places of business as directed by 28 U.S.C. § 1332, this defect is one that may be corrected by amendment pursuant to § 1653. As a result, the defendants' Motion for Leave to Amend is granted in order to clarify the jurisdictional facts necessary to establish complete diversity between the parties.

Additionally, the plaintiffs argue that the defendants' Response was untimely filed pursuant to Local Rule 7. The plaintiffs allege that the Response was filed three days late and should therefore be stricken along with the memorandum and attachments. The Court finds that the plaintiffs were not prejudiced by the untimely Response nor have they missed any deadlines due to the untimely filing. Also, considering that the Response was filed on October 5 instead of October 2, the Court finds that no exceptional delay was caused in this case. See Sago v. Wal-Mart Stores, Inc., 280 F. Supp. 2d 578, 589 (S.D. Miss. 2003)(holding that untimely and improperly filed Response did not prejudice defendant nor cause defendant to miss any time limitation and Motion to Strike Response was denied). Therefore, the plaintiffs argument in favor of striking the Response and granting their Motion to Remand as unopposed is denied.

## 2. *Amount In Controversy*

The plaintiffs contend that the amount in controversy does not

exceed $75,000 because (1) this is a declaratory judgment action and they are not seeking damages, and (2) the defendants are servicers of the Note and, therefore, are not entitled to retain any payment on the Note. The defendants argue that because the plaintiffs are seeking to rescind the Note and Deed of Trust that has a value of over $200,000, the amount in controversy exceeds the jurisdictional minimum.

If the plaintiff's complaint does not specify a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003). The removing party must show that it is either "facially apparent" from the complaint that "the claims exceed the jurisdictional amount" or show through "summary judgment-type" evidence that the amount in controversy exceeds the jurisdictional minimum. Id.

In the instant case, the defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75.000. The plaintiffs seek to rescind a loan Note and Deed of Trust that has a value of approximately $224,844.77. Whether the defendants are servicers of the Note or holders in due course is of no consequence to the amount in controversy determination. "The amount in controversy is based upon the pecuniary consequences to those involved in the litigation." Ly v.

9

IDC Construction, LLC, 2007 WL 141908, *2 (S.D. Miss. 2007)(citing Duberwicz v. Sweetwater Sav. Ass'n., 595 F.2d 1008, 1014 (5th Cir. 1979)). If the plaintiffs succeed in rescinding the Note and Deed of Trust, they will avoid a "pecuniary consequence" far in excess of $75,000. As a result, the Court finds that the amount in controversy is met in accordance with 28 U.S.C § 1332(a). Therefore, the plaintiffs' Motion to Remand is denied.

*3. Federal Question*

Because the Court finds that complete diversity exist and the amount in controversy is met, pending the defendants amended notice of removal, the Court need not determine if there is a federal question presented in the complaint to establish jurisdiction.

### III. Order

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' Motion to Remand [**docket entry no. 3**] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' Motion for Leave to File Amended Notice of Removal [**docket entry no. 6**] is **GRANTED**.

**SO ORDERED** this the 6th day of January 2009.

                         s/ David Bramlette

                         **UNITED STATES DISTRICT JUDGE**