**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

CLINTON E. KIRBY AND MARTHA B. KIRBY                    PLAINTIFFS

VERSUS                          CIVIL ACTION NO: 2:09-cv-182-DCB-JMR

BANK OF AMERICA, N.A. ET AL.                            DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Currently before this Court is the Defendants' Motion to Strike the Plaintiffs' Designation of Expert Witness.  Having reviewed the Motion, Responses thereto, and relevant statutory and case law, this Court finds and Orders as follows.

Defendants Bank of America, N.A. et al. move to strike the Plaintiffs', Clinton and Martha Kirby, Designation of Neil Franklin Garfield as a Plaintiffs' expert.  Defendants argue that Plaintiffs' expert designation is deficient under Fed. R. Civ. P. 26(a)(2)(B).  That rule requires an expert designation to include a report "prepared and signed by the witness" that contains:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

       (vi) a statement of the compensation to be
           paid for the study and testimony in the
           case.

The expert reports attached to the Plaintiffs' designation of Garfield meet none of the requirements of the Rule.  They appear to be form reports generated by Garfield with respect to the title to the Plaintiffs' property which is the subject of this litigation.  But these reports were clearly prepared for Plaintiffs without any expectation that they would be used as expert reports and without offering any summary of the opinions intended to be offered by Garfield at a trial on this matter.  Indeed, each report contains a disclaimer that "This is not ... an expert designation." Neither contains a statement of opinions that Garfield would offer at trial, the facts or data used to summarize or support them, or any of the other items listed in the Rule.  This Court has no difficulty in finding the reports deficient.

The Plaintiffs do not argue that the reports meet the requirements of Rule 26(a)(2)(B) but instead argue, in essence, that any deficiencies are harmless to Defendants because they can glean the nature of Garfield's anticipated testimony from the propose reports.  This Court disagrees.  In order for Defendants to obtain their own experts to rebut Garfield's anticipated testimony, Plaintiffs must clearly state what Garfield's opinion will be and the basis for his testimony in a document that is created specifically for the purposes of this litigation.

Nevertheless, given that the trial of this matter has recently

been postponed, this Court will give the Plaintiffs an opportunity to correct their deficient expert designation and to provide the Court with an expert report that meets the criteria outlined in Rule 26(a)(2)(B).  Plaintiffs have 60 days from the date of this Order to file an expert designation and report that conforms with Rule 26.  Defendants will then have 30 days to designate a new expert, if any, to rebut Plaintiffs' expert.  Discovery will be reopened for this limited purpose only and not for any other purpose.

Accordingly,

Defendants' Motion to Strike the Plaintiffs' Designation of Expert Witness [docket entry no. 49] is **DENIED**.

**SO ORDERED**, this the 27th day of July, 2011.

   s/ David Bramlette      
**UNITED STATES DISTRICT JUDGE**