```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  HATTIESBURG DIVISION
```

CLINTON E. KIRBY AND MARTHA B. KIRBY                PLAINTIFFS

VERSUS                          CIVIL ACTION NO: 2:09-cv-182-DCB-JMR

BANK OF AMERICA, N.A. ET AL.                        DEFENDANTS

## ORDER

This matter comes before the Court on the Plaintiffs' Motion to Strike Note [**docket entry no. 94**] and Defendants' Motion to Substitute Party [**docket entry no. 82**]. Having considered said Motions, the Parties' responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

After reviewing the Defendants' response to this Court's Show Cause Order, the Court is satisfied with the Defendants' explanation as to why there are two different versions of the Note in the Court's record. Nevertheless, the Court questions the Defendants' explanation that they believed they could rely on affidavits of their employees in lieu of producing the endorsed version of the Note, particularly when the Defendants appear to recognize the legal importance of an endorsed Note. See Defendants' Memo. in Response to Motion to Strike, docket entry no. 101, pg. 5. Without this crucial document, the Defendants' present Motion for Summary Judgment would have failed, at least with respect to the Kirbys' quiet title claim.

As to whether the Defendants violated Federal Rule of Civil Procedure 26 by failing to disclose the most recent version of the Note, the Court finds that the Defendants did indeed violate the Rule but finds this violation harmless. See FED. R. CIV. P. 37(c)(1). The Defendants' initial disclosure was enough to satisfy the mandates of Rule 26(a)(1)(A)(ii), but by introducing an incomplete "copy" of the Note in their Motion for Summary Judgment, the Defendants were under an obligation to notify the Court and the Kirbys when it discovered the different, endorsed version of the Note. See FED. R. CIV. P. 26(e). Under a Rule 36(c)(1) factorial analysis, however, there is no question that the failure was harmless. See Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003) (outlining the four factors the Court should consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.").

First, the Defendants' explanation for their failure to disclose is plausible, although the Defendants should have recognized that the Note attached to their Summary Judgment Motion was incomplete because it did not bear any of the endorsements necessary for the Defendants to enforce it. See Defendants' Motion for Summary Judgement, docket entry no. 76. The Kirbys stated this problem in their pending Motion to Limine. See docket entry no. 83,

pg.1 ("The Plaintiffs know, and the Defendants are undoubtedly aware, that this lack of indorsement and lack of allonge presents an insurmountable problem for the Defendants . . . ."). Secondly, both Parties now agree that the latest version of the Note is important, if not crucial, to this case as Mississippi case law makes clear that the holder of the note endorsed in blank is "prima facie presumed to be the bona fide owner of it." <u>Sivley v. Williamson</u>, 72 So. 1008, 1008 (Miss. 1916); <u>see also</u> Defendants' Memo. in Response Motion to Strike, docket entry no. 101, pg. 5. Thirdly, the Kirbys will suffer no prejudice from the Note being accepted into evidence. While the Defendants bear most of the responsibility for the oversight, the Kirbys could have requested the original Note earlier but failed to do so. Finally, a continuance in this case is not necessary because the trial date is sufficiently in the future for the Kirbys to adequately address this new evidence. Nevertheless, it would be prejudicial to the Kirbys to not allow them to inquire into the origin and history of the endorsed Note, particularly as they openly doubt its validity.

In light of this recent development, the Court will hold the Defendants' Motion for Summary Judgment in abeyance and permit the Kirbys thirty (30) days to engage in limited discovery regarding the endorsements. The Kirbys vigorously challenge the authenticity of these endorsements, suggesting that the Defendants' late production of the original Note is evidence of unethical business

3

practices and misbehavior on the part of the Defendants. See, e.g., Plaintiffs' Rebuttal Memo., docket entry no. 103, pgs. 1-2. The Kirbys go so far as to allege that the Defendants have been less than forthcoming in their dealings with this Court. See id. at pgs. 14-16. Yet, the Kirbys have produced no evidence to support these conclusory allegations and instead draw these conclusions from various magazine articles and holdings of other courts related to the fraudulent behavior of one or more of the Defendants.[1]

As said, due to the late production of the endorsed Note, the Court will at least allow the Kirbys the opportunity to gather evidence to support their allegations regarding the authenticity of the endorsements or the veracity of the Defendants' recently produced declarations, including but not limited to, the opportunity to depose Defendant employees regarding their knowledge of the various transactions. See FED. R. CIV. P. 56 (d). The Kirbys will then be able to present any discovered evidence in a supplemental response to the Defendants' Summary Judgment Motion.

Accordingly,

**IT IS HEREBY ORDERED THAT** the Defendants' Motion will be held **IN ABEYANCE**. The Plaintiffs have **thirty (30) days** from the

---

[1] In particular, the Court rejects the Kirbys' suggestion that the Defendants' varying explanations as to Fannie Mae's status or the late production of the Note is "evidence" of foul play. See Plaintiffs' Rebuttal Memo., docket entry no. 103, pgs. 1-3. Instead, the Court views these as mistakes or oversights which can be rectified by proper application of the Federal Rules of Civil Procedure.

filing of this Order to conduct limited discovery regarding the endorsements. Discovery should be strictly tied to the endorsed version of the Note produced by the Defendants.

**IT IS FURTHER ORDERED THAT** the Plaintiff's Motion to Strike Note [**docket entry no. 94**] is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Defendants' Motion to Substitute Party [**docket entry no. 82**] is **GRANTED** pursuant to Federal Rule of Civil Procedure 25(c). The Court relies on the declaration of Michele Sjolander stating that BAC has merged with BANA. See docket entry no. 100-1 ¶ 6.

**SO ORDERED AND ADJUDGED,** this the _6th_ day of December 2011.

                                    /s/ David Bramlette

                                **UNITED STATES DISTRICT JUDGE**