```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   HATTIESBURG DIVISION
```

**CLINTON E. KIRBY AND MARTHA B. KIRBY**                     **PLAINTIFFS**

**VERSUS**                            **CIVIL ACTION NO: 2:09-cv-182-DCB-JMR**

**BANK OF AMERICA, N.A. ET AL.**                              **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion for Reconsideration of the Court's March 29, 2012 Order [**docket entry no. 122**]. Having carefully considered said Motion, the Defendants' opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Rule 59(e) Standard

On March 29, 2012, this Court entered an Order granting summary judgment in favor of the Defendants. Within twenty-eight (28) days of this disposition, the Plaintiffs filed their Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit "'has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" Templet, 367 F.3d at 479 (quoting Simon v.

United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). There are three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Williamson Pounders Architects, P.C. v. Tunica County, Miss., 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008) (citation omitted). Courts have considerable discretion in deciding whether to grant a motion for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." In re Pequeno, 240 F. App'x 634, 636 (5th Cir. 2007)(citations omitted).

## II. Analysis

The Plaintiffs allege that the Court committed clear error in its decision to grant summary judgment in favor of the Defendants. Specifically, the Plaintiffs argue, inter alia, that the Court (1) misapplied the summary judgment standard, (2) erred by failing to apply Mississippi law in the manner advocated in their briefs, (3) improperly construed their briefs and motions, and (4) committed various factual errors. Upon reconsideration of these issues, the Court finds that it neither erred in its interpretation of the law nor would a revision of its judgment prevent manifest injustice. Therefore, the Plaintiffs' Motion will be denied; however, the

Court will briefly address the Plaintiffs' arguments.[1]

*1. Misapplication of the Summary Judgment Standard*

Plaintiffs state that this Court ignored the Deposition of Michelle Sjolander, which they argue created a genuine issue of material fact regarding the indorsement on the Note. Despite this contention, the Court found that the *only testimony* in the record regarding the indorsement was that the Note was indorsed and delivered to the Fannie Mae vault on September 7, 2007. See Mar. 29, 2010, Order at 2. Sjolander testified that the Note could not have been transferred to the Fannie Mae vault without passing certification, and therefore, the Note had to have been indorsed before the date it was moved to the vault. See Sjolander Depo. at 72, docket entry no. 118-1. Despite the Plaintiffs' contentions, Sjolander's statement that she did not personally indorse the Note does not create a genuine issue of material fact that the Note was not indorsed on the date Sjolander's avers. See id. In its Order, the Court dismissed this argument, and other related arguments,[2]

---

[1] There is no merit to the Plaintiffs' argument regarding their pro se status. Proceeding pro se entitles a litigant to a liberal construction of his or her briefs, but not a favorable interpretation of the law. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Despite the Plaintiffs' contentions, the Court thoroughly considered the merits of the Plaintiffs' arguments–and directly addressed those arguments pertinent to their cause–but found them unconvincing for the reasons explained in its Order.

[2] As to the Plaintiffs' other arguments thrown in under this heading, the Court did not acknowledge the Plaintiffs' argument that the Fannie Mae vault is not really a Fannie Mae vault because this assertion has no basis in fact. Similarly, the Court also did

referring to them as an attempt to cast "metaphysical doubt over the Defendants' uncontroverted testimony." <u>See</u> Mar. 29, 2010, Order at 11 & n.11. To restate this finding, the Plaintiffs are speculating based on statements made in Sjolander's deposition regarding the authenticity of the indorsement and whether the vault was really Fannie Mae's, and this speculation is not evidence to create a genuine issue of material fact for trial. <u>Knight v. Kellogg Brown & Root Inc.</u>, 333 F. App'x 1, 8 (5th Cir. 2009) ("[A]s the party bearing the ultimate burden of proof at trial, the onus is on the plaintiffs to demonstrate the existence of a genuine issue of material fact concerning this essential element.").

*2. Misapplication of Mississippi Law*

Regarding the perhaps too colloquially-worded rule of law that "the mortgage follows the note,"[3] Restatement of Property (Mortgages) § 5.4(c) words the concept this way: "A mortgage may be enforced only by, or in behalf of, a person who owns the obligation

---

not address the Plaintiffs' argument that the Note was owned by the investors in the Fannie Mae trust because it was included in Trust/Pool 946887. The Plaintiffs offered no legal authority to support their position that Fannie Mae cannot foreclose on their home because of this allegation. This suggestion does not overcome the uncontroverted fact that Fannie Mae produced the Note in connection with the litigation.

[3] As the Court understands the Plaintiffs' position, they interpret this rule to mean that the mortgage and the note *at all times must be held by the same party* and that if the mortgage and the note are held by different parties, the mortgage did not follow the note. The Plaintiffs further suggest that a split of the two renders both inoperable as a matter of law. <u>See</u> Mar. 29, 2012 Order at 8 n.7.


the mortgage secures." The Court simply used the mortgage-follows-the-note concept as a simple way to illustrate that in order to determine who may enforce the mortgage, a court should identify the noteholder because only the noteholder may enforce the mortgage-regardless of who purportedly "holds" the mortgage. Perhaps a better way to explain this concept–as noted in the Court's Order–is that the security interest is incident to the debt. See Mar. 23, 2012 Order at 10 & n.10. Here, the Noteholder was attempting to enforce the mortgage, and there is no conflict between the mortgage and the Note and therefore no question as to Fannie Mae's legal authority to enforce the Note.[4]

### 3. The Court's Factual Errors

The Court rejects the notion that it committed any factual errors in resolving the Plaintiffs' claim. First, two of the errors about which the Plaintiffs complain are easily understood in the context of the Court's Opinion. The Court stated that ReconTrust was *reassigned* the Deed of Trust to proceed with the foreclosure sale as opposed *reappointed* as the trustee to carry out the foreclosure sale. See id. at 12. While the Court acknowledges that the two words are not synonymous, the Court's use of this word in its analysis did not in any way affect the Court's disposition in

---

[4] The two instruments would only conflict when, for some reason, the mortgage transferee attempts to act independently of the noteholder. But, per the Restatement of Property (Mortgages) § 5.4, only the owner of the "obligation the mortgage secures" can enforce the mortgage.

the present case. See id. at 4. Furthermore, in evaluating the relationship between BAC and the other Defendants and BAC's relationship to the Plaintiffs, the Court stated that the *Defendants* owed no fiduciary duty to *BAC* as opposed to stating that *BAC* did not owe a fiduciary duty to the *Plaintiffs*. See id. at 16. The Court continued to analyze why the Plaintiffs' relationship with BAC was not a fiduciary one, and therefore the Court's intent is apparent in its analysis. See id. at 16-17.

Finally, in the Plaintiffs' objection to the Court's disposition of their conspiracy to commit fraud claim, they contend that "No Party ever alleged or asserted that BAC filed the Deed of Trust in the land records nor did any party to the case allege or assert that filing the Deed of Trust in the land records was fraudulent." See Pl.s' Memo. on Mot. to Reconsider at 12. The Court refers the Plaintiffs to their Amended Complaint wherein they state "the Defendants caused instruments to be filed in the Forrest County land records and in the public domain that BAC, not Fannie Mae, is or was the holder in due course with the right to the subject Note." Am. Compl. ¶ 93. As explained in the Opinion, after July 20, 2009, the land records indicated that BAC had been assigned the Deed of Trust/Mortgage. See Mar. 23, 2012 Order at 3. The Court understands that the recording of this assignment is the "instrument" about which the Plaintiffs object in their Amended Complaint. To the extent that the Plaintiffs are confused by the

6

Court's statement in dismissing their conspiracy to commit fraud count, the Court has found that the Defendants' filing of the assignment of the Deed of Trust/Mortgage to BAC in the Forrest County land records is not evidence of conspiracy to commit fraud. Compare id. at 25.

### III. Conclusion

The Court, having found no clear error of law, or any other reason to alter or amend its previous judgment pursuant to Rule 59(e), finds the Plaintiffs' Motion is without merit and should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion for Reconsideration [**docket entry no. 124**] is **DENIED.**

**SO ORDERED** on this the 7th day of May, 2012.

                         /s/ David Bramlette
                         **UNITED STATES DISTRICT JUDGE**